UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EUGENE BRIAN GARVIE,

              Petitioner,

  v.

JASON BENNETT ,

              Respondent.

CASE NO. 2:24-cv-00232-RAJ-BAT

**REPORT AND RECOMMENDATION**

      Petitioner is prisoner at the Stafford Creek Corrections Center serving a prison sentence for a 2007 Snohomish County criminal conviction and sentence. He has filed a *pro se* pleading using a form "Petition For Writ of Habeas Corpus Under 28 U.S.C. §2241, although his application to proceed *in forma pauperis* states his action is also brought under both 28 U.S.C. §2254. Dkts. 1, 4 and 6.  Petitioner claims he is not challenging his 2007 Snohomish County criminal conviction and sentence and instead requests:

> this Court remand this matter to the Everett District Court, of Snohomish County with instructions to accept for filing and determination of the motions set forth in the MOTION REQUESTING NOTICE IN SUPPORT OF 28 U.S.C. § 2241.  In the alternative Petitioner Eugene B. Garvie asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County.

REPORT AND RECOMMENDATION - 1

1 | *See* Dkt. 6, Prayer For Relief.

2 | The Court has screened this action under both 28 U.S.C. § 1915A(a) and Habeas Rule 4.
3 | The Court must dismiss claims contained in a civil complaint that fail to state a claim upon
4 | which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Under Rule 4 of the Rules Governing
5 | § 2254 habeas cases, the Court must perform a preliminary review of a habeas petition, and
6 | should dismiss a habeas petition, if it "plainly appears from the petition and any attached exhibits
7 | that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas
8 | petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The
9 | district court may apply any and all of these rules to a habeas corpus petition not covered" by 28
10 | U.S.C. § 2254.).

11 | For the reasons below, the Court recommends this action be DISMISSED with prejudice.
12 | Leave to amend should be denied because no amendment would cure the deficient pleadings
13 | submitted and amendment would be futile.

**CURRENT HABEAS PETITION AND PRIOR ACTIONS**

15 | Petitioner alleges in his § 2241 habeas petition that he is serving a conviction and
16 | sentence imposed by the Snohomish County Superior Court, case number 06-1-01151-6 on July
17 | 31, 2007. Dkt. 6 at 1. In answer to the question "What are you challenging in this petition," he
18 | checked the box stating: "The validity of your conviction or sentence." *Id.* at 2.

19 | He also alleges the "Everett District Court refused to file pleadings he submitted to that
20 | court on December 26, 2023 and January 22, 2024, in which he alleged "unlawful seizure" and
21 | that his present § 2241 petition "Constitutes Appeal." *Id.*

22 | The § 2241 petition raises one ground for relief: "unlawful Seizure." *Id.* at 6. In support,
23 | Petitioner filed an "Affidavit in Support," and "Memorandum in Support. *See* Dkt. 6. In his

affidavit, Petitioner avers on December 19, 2023, he mailed the Everett District Court and the Attorney General a motion for an evidentiary hearing; a motion requesting a <u>BRADY</u> order, and a letter to the District Court clerk. Petitioner avers the Everett District Court received his motions, did not file them, and instead transferred them to the Snohomish County Superior Court. Petitioner contends that after he was advised of this action, he filed a motion for appointment of stand-by counsel and filed a notice of appearance. Petitioner submits the state court refused to accept these motions. Petitioner further avers that in January 2024, he received a letter from the Snohomish County District Court stating it was rejecting his "paperwork." Petitioner concludes his affidavit by averring he has been "incarcerated after a plea of guilty in 2007" and that he is incarcerated at Stafford Creek Correction Center."

In his memorandum in support, Plaintiff argues his detention is "pursuant to the seizure of his person by Snohomish County of the State of Washington" in violation of the Fourteenth Amendment which prohibits unreasonable searches and seizures and requires probable cause before a warrant may be issued. *See* Memorandum at 1. Petitioner further contends:

> A 28 U.S.C. § 2241 petition is the proper means to challenge the execution of a sentence or confinement that is <u>not</u> the result of the criminal court's judgment. Indeed Petitioner Mr. Garvie contends that his confinement is <u>NOT</u> the result of a criminal court's judgment based upon Snohomish County Superior Court's lack of jurisdiction to enter a judgment and sentence. Certainly as a matter of law as well as a matter of Petitioner Mr. Garvie's procedural and substantive due process rights, require a valid arrest warrant signed by a neutral magistrate judge precludes a Superior Court's authority to enter a judgment and sentence.

*Id*. at 3.

As relief, Petitioner requests

> this Court remand this matter to the Everett District Court, of Snohomish County with instructions to accept for filing and determination of the motions set forth in the MOTION

REPORT AND RECOMMENDATION - 3

REQUESTING NOTICE IN SUPPORT OF 28 U.S.C. § 2241. In the alternative Petitioner Eugene B. Garvie asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County.

Dkt. 6, Prayer for Relief.

The present habeas petition is not the first federal habeas petition Petitioner has submitted to this Court regarding the conviction and sentence imposed in Snohomish County Superior Court case numbers 06-1-01151-6. Indeed, this Court in *Garvie v. State of* Washington, 2:21-cv-00218-RSM-BAT stated:

> This is the second time petitioner challenges the convictions and sentences imposed in Snohomish County Superior Court case numbers 06-1-01151-6 and 15-1-02668-7. Petitioner's first challenge was lodged in 2018, when he filed a § 2254 habeas petition. *See Garvie v. State of Washington*, CV18-1371-JLR. In that case, the Court found petitioner pleaded guilty in 2006 in case number 06-1-01151-6 to second degree rape of a child, sexual exploitation of a minor and two counts of possession of depictions of a minor and that petitioner was sentenced in 2007. The Court also found petitioner pleaded guilty in case number 15-1-02668-7 to perjury and was sentenced in 2016. The Court dismissed petitioner's habeas petition as untimely and as containing numerous unexhausted claims.
>
> In the present action, petitioner alleges the state lacked probable cause to charge him with the crimes in Snohomish County case numbers 06-1-01151-6 and 15-1-02668-7; the state threated petitioner through his lawyer that if he did not plead guilty he would face a life-sentence; the state court allowed hearsay evidence to be used to support probable cause; and that petitioner filed in the Snohomish County Superior Court a "motion for demurrer" and a "motion for default" which should be granted. Dkt. 6.

*See* Dkt 7 (2:21-cv-00218-RSM-BAT).

REPORT AND RECOMMENDATION - 4

# DISCUSSION

Petitioner's request for federal habeas relief fails for numerous reasons and should be dismissed with prejudice.

As an initial matter, Petitioner contends the Court should grant him § 2241 relief because his confinement is not the result of the Snohomish County Superior Court's criminal judgment and sentence because the Snohomish County Superior Court lacked the jurisdiction to enter a judgment and sentence, as he was arrested without issuance of a valid arrest warrant. This contention fails. Petitioner's claim he is not challenging his state court conviction and sentence implies the sole reason he is serving his present prison sentence is because he was unlawfully arrested. This is a frivolous claim because Petitioner is not serving a sentence merely because he was arrested but because he was convicted and sentenced following his arrest. Petitioner admits as much by arguing the state court lacked jurisdiction to enter judgment and impose the prison sentence he is now serving. Petitioner's habeas petition is thus nothing less than a direct challenge to Petitioner's underlying state court conviction and sentence and such challenges must be brought under § 2254, not § 2241.

Moreover, because Petitioner is in custody pursuant to a state court judgement, relief is available only under § 2254 even if his <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" *White*, 370 F.3d at 1009–10. 'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who

REPORT AND RECOMMENDATION - 5

is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at 1006.).").

In short, Petitioner is challenging his underlying state court judgment and sentence and such relief is available only under § 2254, not § 2241. However, as Petitioner well knows from prior federal habeas petitions that he has filed in this Court, § 2254 federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking

review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

In this case, Petitioner pleaded guilty and was sentenced in 2007. (Dkt. 6 at 2). This Court has already ruled that the statute of limitations bars § 2254 relief as to this conviction and sentence. On September 17, 2018, Petitioner filed a § 2254 habeas petition challenging his Snohomish County Superior Court judgment and conviction. *See Garvie v. State of Washington*, 2:18-cv-01371-JLR. The Court adopted the report and recommendation that the § 2254 petition be dismissed as time barred and the Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability. *See* Dkts. 9, 13 and 18.

The present habeas petition does not raise claims that are exempt from the statute of limitations. Petitioner claims the Snohomish County Superior Court lacked jurisdiction to impose judgment because he was arrested without a warrant. This is an allegation that Petitioner knew about or should have known about at the time of arrest. There is thus no statutory or equitable ground to excuse Petitioner's failure to bring his claim in a timely manner.

The present habeas petition is also barred because it is a second or successive request for habeas relief from a state court judgment and sentence. "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

REPORT AND RECOMMENDATION - 7

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id*. The petitioner must make a prima facie showing the application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.

This Court have previously twice denied Petitioner's requests for § 2254 habeas relief with prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition. Petitioner has failed to show that his present petition is not subject to § 2244(b). Accordingly, this Court has no jurisdiction to grant § 2254 habeas relief. The matter should not be transferred to the Ninth Circuit for consideration as an application for leave to file a successive petition under Ninth Circuit Rule 22-3(a), because Petitioner's request for habeas relief is time-barred and should be dismissed for that reason alone.

The Court should also dismiss the present habeas petition because it lacks the authority to grant the relief Petitioner requests. Petitioner requests:

> this Court remand this matter to the Everett District Court, of Snohomish County with instructions to accept for filing and determination of the motions set forth in the MOTION REQUESTING NOTICE IN SUPPORT OF 28 U.S.C. § 2241. In the alternative Petitioner Eugene B. Garvie asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County.

Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of

REPORT AND RECOMMENDATION - 8

mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361.

Title 28 U.S.C. § 1651(a) does not vest a federal district court with the authority to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir. 1991) (explaining "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

Here, petitioner request for relief amounts to a request the Court issue a writ of mandamus ordering the Everett District Court to accept his state court pleadings and determine the requests contained in his pleadings. This Court lacks jurisdiction over such a request and the habeas petition should thus be dismissed.

The Court notes Petitioner also requests the Court grant relief as to "his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County." To the extent Petitioner seeks some form of relief under 42 U.S.C § 1983, for federal violations, the action is untimely and barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994). Section 1983 does not contain a statute of limitations, and federal courts thus apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v.*

*Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Here, Petitioner requests a state court to address matters related to his 2007 criminal conviction and sentence all of which were finalized outside of the three-year statute of limitations. The claims, if construed as a violation of federal rights under § 1983 should therefore be dismissed as untimely.

Additionally, this action if viewed as a § 1983 claim for violation of the First Amendment is also barred under *Heck, v. Humphrey,* 512 U.S. 477, 486 (1994). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id*. at 486-87. Here, petitioner claims the Snohomish County Superior Court lacked jurisdiction to enter judgment and sentence and requests the Court to "enter the merits" of his habeas petition. Petitioner's request is a direct challenge to his judgment and sentence and thus barred under *Heck*.

In sum, the Court recommends this action be DISMISSED with prejudice for the reasons set forth above. Although petitioner proceeds *pro se* the Court should dismiss the matter now rather than grant petitioner leave to amend. The Court finds that leave to amend would be futile because the deficiencies contained in petitioner's action cannot be cured by any amendment.

## CERTIFICATE OF APPEALABILITY

Although Petitioner has couched his claim for relief as brought under § 2241, the relief he seeks is available only under § 2254. A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability

("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree Petitioner's habeas claim is untimely and second or successive. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **March 19, 2024.** The Clerk shall note the matter for **March 22, 2024** as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of March, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11