HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE BRIAN GARVIE,<br><br>                  Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>                  Defendant. | CASE NO. 2:24-cv-00232-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on several motions filed by *pro se* Petitioner Eugene Brian Garvie ("Petitioner"), all of which are motions seeking relief from judgment. Dkt. ## 44, 47, 48, 49, 50, 51. Three of these motions derive from the Court's denying Petitioner's prior *twelve* motions seeking relief from judgment on numerous grounds, which include, as pertinent to his instant motions: (1) a motion for request for records; (2) a motion seeking an order that Respondent Jason Bennett ("Respondent") must answer the Petition; and (3) a motion to appoint counsel. Dkt. # 37 (emphasis added).

ORDER – 1

Additionally, Petitioner has filed motions requesting (1) an application of successive analysis and (2) an application of jurisdictional analysis. Dkt. ## 48, 49, 50.[1]

On March 4, 2024, Petitioner filed his Petition for a Writ of Habeas Corpus. Dkt. # 6. On April 17, 2024, this Court entered an order adopting the Report and Recommendation of the Honorable Brian A. Tsuchida, dismissing this matter with prejudice and denying a Certificate of Appealability. Dkt. ## 14, 15. This Court found that the Petition, which challenged Petitioner's 2007 criminal conviction in Snohomish County, was time barred by the statute of limitations and was a second or successive request for habeas relief from his state court judgment and sentence. Dkt. # 8 at 7. The Court also noted that Petitioner previously brought an unsuccessful challenge to his judgment and conviction in *Garvie v. State of Washington*, 2:18-cv-01371-JLR.[2] *Id*. After this Court dismissed the Petition with prejudice, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals. Dkt. # 16. The Ninth Circuit assigned Petitioner's appeal a case number, and on May 9, 2024, informed this Court that a Certificate of Appealability had already been denied in April. *See Garvie v. Bennett*, No. 24-2965, Dkt. # 2. The Ninth Circuit indicated that no briefing schedule would be set until the district court determined whether it should issue a Certificate of Appealability. Dkt. # 17.

Petitioner proceeded to file seven substantially similar motions seeking relief from judgment. Dkt. ## 20, 21, 23, 25, 26, 27, 28. In these motions, Petitioner argued that this Court violated the Magistrate Act and Habeas Rule 8(b) by failing to conduct a *de novo* review of the Request for Certification. *Id*. Petitioner also sought reconsideration of the denial of the Certificate of Appealability. *Id*. Finally, Petitioner filed five other motions, including (1) two motions for request of records, (2) a motion seeking an order that

---

[1] Petitioner filed identical motions regarding his request for an application of jurisdictional analysis. Dkt. ## 49, 50.

[2] In that matter, Petitioner filed an appeal, and the Ninth Circuit denied Petitioner's request for a Certificate of Appealability, thereby dismissing the matter. 2:18-cv-01371-JLR, Dkt. # 18.

ORDER – 2

Respondent must answer the Petition, and (3) a motion to appoint counsel. Dkt. ## 30, 31, 32, and 34. The Court denied the first seven motions, and denied the remaining motions as moot because Petitioner's habeas petition was time barred and a second or successive petition. Dkt. # 37 at 2-3.

Petition then filed another Notice of Appeal. Dkt. # 38. The Ninth Circuit assigned the same case number to this appeal. The Court assumes that the Ninth Circuit will not set a briefing schedule until this Court determines whether it should issue a Certificate of Appealability regarding its prior order denying Petitioner's prior motions.

As a preliminary matter, the Court denies the three motions deriving from the Court's previous Order. These motions are (1) a motion to request records pursuant to 28 U.S.C. § 2250, (2) a motion seeking an order that Respondent must answer the Petition, and (3) a motion to appoint counsel. Dkt. ## 44, 47, and 51. As he did in his prior motions, Petitioner posits that this Court violated the Magistrate Act and Habeas Rule 8(b) by failing to conduct a *de novo* review in its Order denying these motions. *See id*. Petitioner's motions do not address the substance or reasoning of the Report & Recommendation the Court considered in issuing its Order. Additionally, these motions also appear duplicative of Petitioner's prior surfeit of motions, and even if the Court were to fashion them as motions for reconsideration, Petition fails to address the standard for reconsideration.

Next, and in duplicative motions, Petitioner requests an application of "jurisdictional analysis" to reopen habeas proceedings. Dkt. ## 49, 50. Petitioner offers no specifics as to what sort of analysis he wishes the Court to conduct. Moreover, the Court will not, and by law cannot, engage in such a practice, because Petitioner's habeas petition is time barred and a second or success petition. For similar reasons, the Court also denies Petitioner's request for an application of "successive analysis," as this is akin to reopening habeas proceedings.

Finally, Petitioner is not entitled to a Certificate of Appealability, as he has not demonstrated, other than in a conclusory statement, that "jurists of reason could disagree

ORDER – 3

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 327 (2003).

For the foregoing reasons, Petitioner's Motions for Relief from Judgment are **DENIED**. Dkt. ## 44, 47, 48, 49, 50, 51. The Clerk is instructed not to accept any further filings in this case.

Dated this 13th day of November, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4